UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOKF, NA,

    Plaintiff,

v.                                                   Case No. 8:19-cv-01866-T-60TGW

TG FROST COMPANIES, INC.
f/k/a DATUM CORPORATION;
DATUM TECHNOLOGIES LLC;
and QF DEBT HOLDINGS, LLC,

    Defendants.
_____/

**ORDER DENYING DEFENDANT TG FROST COMPANIES'
"MOTION TO DISMISS AMENDED COMPLAINT"**

This matter is before the Court on Defendant TG Frost Companies' "Motion to Dismiss Amended Complaint," filed by counsel on August 30, 2019. (Doc. # 11). On September 14, 2019, Plaintiff BOKF filed its "Response in Opposition to Defendant TG Frost Companies, Inc.'s Motion to Dismiss Amended Complaint and Memorandum of Law in Support." (Doc. # 16). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

On or about March 17, 2016, Datum Technologies, TG Frost, and BOKF entered into an escrow agreement, where BOKF agreed to serve as the escrow agent of a

---

[1] The Court accepts as true the facts alleged in BOKF's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

$400,000 fund. TG Frost entered into a Subordination Agreement with Datum Technologies, as borrower, and non-party Opus Bank, as Senior Creditor, where Datum Technologies agreed to issue promissory notes to TG Frost for $2,000,000 and to Opus Bank for the original principal amount of $6,700,000, and TG Frost agreed to subordinate the payment and performance of the subordinate debts held by TG Frost and senior debt of Opus Bank. On December 26, 2018, Opus Bank assigned its interest in the Subordination Agreement to QF Holdings.

Sometime before June 17, 2019, a senior default occurred on the note held by QF Holdings, and QF Holdings issued a Blockage Notice to TG Frost in accordance with terms of the Subordination Agreement. On or about June 17, 2019, TG Frost and Datum executed Joint Instructions to BOKF, requesting that BOKF release the Escrow Fund. On June 24, 2019, QF Holdings issued a written demand to BOKF, citing the Blockage Notice in the Subordination Agreement and demanding that BOKF maintain the Escrow Fund.

On July 31, 2019, BOKF filed its "Amended Complaint for Interpleader," alleging that adverse and conflicting claims made by (1) TG Frost and Datum through their Joint Instructions, and (2) QF Holdings through its Blockage Notice, warrant the use of statutory interpleader. TG Frost argues in its motion to dismiss that BOKF has not set forth sufficient facts or grounds to satisfy the requirements of interpleader under 28 U.S.C. § 1335.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R.

Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

BOKF argues that statutory interpleader is appropriate because BOKF – a disinterested stakeholder – has received competing demands from multiple parties with conflicting directions concerning the distribution of funds held in escrow, and BOKF reasonably fears exposure to potential litigation.

A district court has original jurisdiction over a statutory interpleader action "when two or more adverse claimants of diverse citizenship assert claims to funds worth $500 or more, and the plaintiff deposits the funds with the court." *McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017) (quoting 28 USC § 1335). Interpleader allows a party who holds money subject to adverse claims to avoid

"multiple liability by asking the court to determine the asset's rightful owner." *Id.* (citing *In re Mandalay Shores Co-op.,* 21 F.3d 380, 383 (11th Cir. 1994)).

Interpleader actions typically involve two stages: First, the district court determines whether the requirements for statutory interpleader have been met by determining whether a single fund is at issue and whether adverse claimants are making claims to the fund. Then, after interpleader has been granted, the court must determine the respective rights of the claimants to the fund. *Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1284 (S.D. Fla. 2007).

After the plaintiff deposits the funds, all legal obligations to the claimants are satisfied, and the court enters a discharge judgment on behalf of the plaintiff. *McBride*, 679 F. App'x at 871 (internal quotations and citations omitted). The district court may also enter a permanent injunction restricting claimants from instituting proceedings against the interpleader concerning funds that are the subject of the action, in order to protect the interpleader from "vexatious and multiple litigation." *McBride*, at 871-2; *see also State Farm Fire & Cas. v. Tashire*, 386 U.S. 523, 533-34 (1967). A stakeholder must have real and reasonable fear of exposure to double liability or the vexation of conflicting claims against a fund, "regardless of the merits of the competing claims." *Metro. Life Ins. Co. v. Bell*, No. 6:14-CV-473-ORL-22, 2015 WL 926040, at *1 (M.D. Fla. Mar. 4, 2015) (citations omitted); *see also Wauseau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1101 (5th Cir. 1992) (stakeholder must have legitimate fear of multiple vexation directed against a fund).

In this case, TG Frost and Datum Technologies made a claim to the escrow fund when it executed Joint Instructions to BOKF, requesting that BOKF release the

Escrow Fund. QF Holdings, in issuing a written demand to BOKF citing the Blockage Notice, asserted a conflicting and adverse claim to the fund. BOKF is a disinterested stakeholder with a legitimate fear of the vexation of conflicting claims. The Court need not examine the merit of the completing claims at this juncture. Consequently, the Court finds that BOKF is entitled to interpleader pursuant to 28 USC § 1335. Therefore, TG Frost's motion to dismiss is denied.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. TG Frost Companies, Inc.'s "Motion to Dismiss Amended Complaint" (Doc. # 11) is **DENIED**. TG Frost is directed to file an answer to BOKF's amended complaint on or before November 19, 2019.
2. BOKF is directed to submit a proposed order allowing interpleader and discharging BOKF from this case.
3. To the extent attorney's fees are addressed in the proposed order, BOKF is directed to submit documentation and evidence pertaining to the entitlement to and reasonableness of attorney's fees.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of October, 2019.

                        **TOM BARBER**
                        **UNITED STATES DISTRICT JUDGE**